No. 59, Misc.   AGOSTON *v.* PENNSYLVANIA.   Supreme
Court of Pennsylvania.   Certiorari denied.   MR. JUSTICE
FRANKFURTER has filed a memorandum respecting the
denial of the petition for writ of certiorari.   Petitioner
*pro se.*   *William N. Trinkle* for respondent.

Memorandum of MR. JUSTICE FRANKFURTER respecting
the denial of the petition for writ of certiorari.

The Court has stated again and again what the denial
of a petition for writ of certiorari means and more par-
ticularly what it does not mean.   Such a denial, it has
been repeatedly stated, "imports no expression of opinion
upon the merits of the case."   *United States* v. *Carver,*
260 U. S. 482, 490, and see, *e. g., House* v. *Mayo,* 324 U. S.
42, 48; *Sunal* v. *Large,* 332 U. S. 174, 181.   A denial
simply means that as a matter of "sound judicial dis-
cretion" fewer than four members of the Court deemed
it desirable to review a decision of a lower court.   Rule
38, par. 5.   See *Maryland* v. *Baltimore Radio Show,* 338
U. S. 912.   But it is not merely the laity that fails to
appreciate that by denying leave for review here of a
lower court decision this Court lends no support to the
decision of the lower court.   Obviously it does not imply
approval of anything that may have been said by the
lower court in support of its decision.

At the risk of redundancy, it seems to me important
to reiterate our settled rule as to the meaning of a denial

of certiorari in its application to this case. The denial of the petition seeking to bring here the decision of the Supreme Court of Pennsylvania carries with it no support of the decision in that case, nor of any of the views in the opinion supporting it. 364 Pa. 464, 72 A. 2d 575.

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK concurs, dissenting.

This case is close on its facts to *Turner* v. *Pennsylvania,* 338 U. S. 62, also from the Supreme Court of Pennsylvania, and its companion cases, *Watts* v. *Indiana,* 338 U. S. 49, and *Harris* v. *South Carolina,* 338 U. S. 68. In the *Turner* case a majority of this Court (Justices Black, Frankfurter, Douglas, Murphy and Rutledge) held that, where a prisoner was not brought before a magistrate for a prompt hearing as required by Pennsylvania law but was held by the police until prolonged questioning resulted in a confession, such confession was obtained by a denial of due process. In this case the Supreme Court of Pennsylvania, in sustaining a judgment of conviction based on a confession obtained under like circumstances, relied on the dissent in the *Turner* case. See 364 Pa. 464, 483, 72 A. 2d 575, 585. The principle basic to the *Turner* decision is that the police may not be allowed to substitute their system of inquisition or protective custody for the safeguards of a hearing before a magistrate. My conviction is that only by consistent application of that principle can we uproot in this country the third-degree methods of the police.