No. 387. REMINGTON *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied. Dissenting memorandum filed by MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS concurs. As to the legal significance of a denial of the petition for writ of certiorari, MR. JUSTICE FRANKFURTER refers to his memoranda in *Maryland* v. *Baltimore Radio Show, Inc.,* 338 U. S. 912, and *Agoston* v. *Pennsylvania,* 340 U. S. 844. MR. JUSTICE CLARK took no part in the consideration or decision of this application. *William C. Chanler* and *Joseph L. Rauh, Jr.* for petitioner. *Solicitor General Perlman, Assistant Attorney General McInerney, Robert L. Stern* and *Beatrice Rosenberg* for the United States. 

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS concurs, dissenting.

A federal district court grand jury indicted petitioner for perjury. A petit jury convicted him. The Court of Appeals reversed but refused to order the indictment dismissed. 191 F. 2d 246. Petitioner is now seeking certiorari, claiming that the indictment should have been dismissed. The majority now denies his petition. I think we should grant and consider two questions the petitioner presents. These questions challenge the fairness of the prosecutorial methods used to obtain and to sustain the indictment.

The first challenge is:

"The Circuit Court of Appeals erred:

"In failing to dismiss the indictment on the ground that the foreman of the indicting grand jury, at the very time the indictment was returned, was the financial and literary collaborator of the chief prosecution witness in a book-publishing venture whose success depended upon the defendant's indictment."

The second challenge is:

> "The United States Attorney deliberately withheld information concerning the collaboration of Bentley and Brunini from defendant's counsel and then sought to suppress the evidence when it became known to defendant's counsel from other sources."

Governmental conduct here charged is abhorrent to a fair administration of justice. It approaches the type of practices unanimously condemned by this Court as a violation of due process of law in *Mooney* v. *Holohan,* 294 U. S. 103. For this reason I have felt constrained to depart from my custom and give reasons for my vote to grant certiorari in this case.