UNITED STATES of America,

v.

David CHARNAY, Alan J. Kraft and Charles N. Maybruck, Defendants.

United States District Court
S. D. New York.

Dec. 7, 1962.

Vincent L. Broderick, U. S. Atty., for the Southern District of N. Y., New York City, for the United States; Arthur L. Liman, Thomas J. Cahill, Asst. U. S. Attys., of counsel.

Whitman Knapp, New York City, for defendant, David Charnay; William J. Quirk, New York City, of counsel.

Arthur H. Christy, New York City, for defendant, Alan J. Kraft; Gideon Cashman, New York City, of counsel.

Arnold Bauman, New York City, for defendant, Charles N. Maybruck; Morton J. Schlossberg, New York City, of counsel.

WEINFELD, District Judge.

Each of three defendants, charged separately with the crime of perjury in two counts of a six-count indictment, moves for a severance on the ground that joinder was not permissible under Rule 8(b) of the Federal Rules of Criminal Procedure.[1] Each defendant seeks a separate trial upon the two counts wherein he is named as the sole defendant.

The charge of perjury against each defendant rests upon alleged false denials by him before a grand jury of his knowledge (1) that one John Van Allen was interested in the purchase of certain securities by one David Haber; and (2) that Van Allen received certain payments made to Haber under an agreement between Haber and others.

Each alleged false denial of knowledge is made the subject of a separate substantive count. Thus, there are two counts against each defendant. The indictment contains no allegations of concert of action or of a common scheme. No conspiracy is charged.

Rule 8(b) authorizes joinder of defendants in the same indictment in two types of situations—where it is alleged that (1) they participated jointly in the same act or transaction; or (2) they have participated in the same series of acts constituting an offense.[2] The Government, recognizing that the defendants here are not charged with participation in the same act, seeks to justify the joinder under the second alternative of the Rule. Although each defendant is singly charged in two separate counts, the Government emphasizes that it appears from the allegations thereof that each appeared on the same day before the same grand jury which was investigating the same subject matter; each was asked "more or less" the same question; each gave substantially the same answer; each acquired knowledge, the denial of which grounds the perjury charges, at or about the same time.

1. Rule 8(b) provides: "Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

2. See Schaffer v. United States, 362 U.S. 511, 520, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960) (Douglas, J., dissenting).

■ The fact that separate but similar allegations are made against each defendant does not establish that they were engaged in the "same series of acts." Rule 8(b) was intended as a restatement of existing law.[3] It was not designed to permit the joinder in a single indictment and a joint trial of multiple defendants merely because each is accused of the same type of offense. Joinder of defendants may be had only where the offenses are in some way connected.[4] It is not the identity of offenses which governs, but that the defendants participated in the same series of acts or transactions. As has been held by the Supreme Court in McElroy v. United States,[5] decided under a statute considered substantially the same as the present Rule:[6]

> "[J]oinder cannot be sustained where the parties are not the same and where the offenses are in no-wise parts of the same transaction and must depend upon evidence of a different state of facts as to each or some of them."

■ The circumstance that the alleged prejuries were committed before the same grand jury on the same subject is without significance—it does not establish a link among all those who were sworn on the same day or that there was a nexus among the alleged false answers of each defendant.

As this Court stated upon the argument of the motion, perjury is as highly a personalized crime as exists upon the statute books. The response of those sworn to give true testimony is personal in every sense of the word. Under the statute, perjury is committed when, as to a material matter, an accused wilfully testifies to the truth of a fact "which he does not believe to be true." [7]

The hard core of the charge against each defendant is the contradiction between his belief and his oath. The basic issue is whether a defendant spoke his true belief—a matter involving the accused's state of mind.[8] And since "The state of a man's mind is as much a fact as the state of his digestion,"[9] the Government is required in the instance of each defendant to offer proof of his mental state.

It is obvious that proof upon the vital element of a defendant's belief, which also touches upon the issue of his wilfullness, will vary from one defendant to another. Each defendant's actual belief may only be inferred from objective or "direct" evidence of each defendant's own acts, his own statements or his own conduct.[10] Evidence that may be offered in the instance of one defendant may be totally unrelated to another defendant. Knowledge of the matter denied by one defendant before the grand jury may be established against that defendant by a written communication, against the second defendant by his oral statements, and against the third defendant by a combination of both or by other

---

3. Notes of Advisory Committee on Rules, Note to Subdivision (b), following 18 U.S.C.A., Rule 8.

4. Ingram v. United States, 272 F.2d 567, 570 (4th Cir. 1959).

5. 164 U.S. 76, 81, 17 S.Ct. 31, 33, 41 L.Ed. 355 (1896).

6. See Ingram v. United States, 272 F.2d 567, 569 (4th Cir. 1959).

7. 18 U.S.C. § 1621: "Whoever, having taken an oath before a competent tribunal, * * * that he will testify * * * truly, * * * willfully and contrary to such oath states * * * any material matter which he does not believe to be true, is guilty of perjury * * *."

8. United States v. Remington, 191 F.2d 246, 249 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952).

9. Edgington v. Fitzmaurice, 29 Ch.D. 459, 483 (1885), quoted in Bon-R Reproductions, Inc. v. N. L. R. B., 309 F.2d 898, 909 (2d Cir. 1962), (Friendly, J., concurring and dissenting).

10. See American Communications Ass'n v. Douds, 339 U.S. 382, 411, 70 S.Ct. 674, 94 L.Ed. 925 (1950); United States v. Remington, 191 F.2d 246, 249 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952).

events and circumstances. How a defendant understood the question and what he meant by his answer is significant—and what preceded the question and answer may have a bearing in one case and not in the other.[11] Apart from the difference in proof from which each defendant's belief may be inferred, the evidence as to other matters must of necessity be different. Each defendant was sworn separately; each was questioned separately; each responded separately. And, of course, except for authorized persons,[12] no one other than the sworn defendant was present when he testified while the grand jury was in session. There was no means [13] by which all those named in the indictment could have participated in the alleged act of false swearing by a codefendant when he answered before the grand jury. The claim that each defendant was asked "more or less" the same question and gave "substantially the same answer" does not transmute the separate, distinct and individual character of the offenses charged to each defendant, so as to permit their joinder, as the Government urges, on the theory that "the offenses appear to have been committed at the same time and place and to form parts of the same transaction." [14]

In Jaycox v. United States,[15] the Circuit Court of Appeals for our Circuit stated:

"The rule of law is that, when an offense is such that several may join in it, all or any number of those who do join in it may be indicted, either jointly or separately. But where the offense is such as not to permit of participation or agency, several offenders cannot be joined,—*as for perjury*, or for seditious or blasphemous words, or the like; because such offenses are in their nature several." (Italics supplied.)

To similar effect is Joyce on Indictments: [16]

"Two parties cannot be joined in one indictment for a strictly personal offense, as the practice of medicine without a license, or perjury."

Apart from the strictly personal nature of the crime charged, other considerations emphasize that there is no basis upon which to join the defendants in a single trial. Other essential elements of the crime here charged are that (1) an oath was duly administered as authorized by law to each witness; and (2) the presence of a quorum of the grand jury.[17] In each instance the facts may vary.

The Court concludes that the joinder of the defendants in a single indictment upon the respective separate perjury charges against each is beyond the permissible limits of Rule 8(b).[18] Since the joinder was not authorized under the Rule, the Court does not reach the question of whether severance should be granted in the exercise of discretion under Rule 14 by reason of prejudicial

---

11. See United States v. Remington, 191 F. 2d 246, 250–51 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L. Ed. 1325 (1952).

12. Rule 6(d), Fed.R.Crim.P.

13. Absent, of course, a charge of conspiracy or concert of action.

14. United States v. Dietrich, 126 F. 664, 670 (C.C.D.Neb.1904). This theory was generally discussed but not passed upon in this case.

15. 107 F. 938, 941 (2d Cir. 1901).

16. Joyce, Indictments, § 585 (2d Ed. 1924). See State v. Herrera, 28 N.M. 155, 207 P. 1085, 24 A.L.R. 1134 (1922).

17. See United States v. Hvass, 355 U.S. 570, 574, 78 S.Ct. 501, 2 L.Ed.2d 496 (1958).

18. This case is to be distinguished from those where perjury counts against a defendant are joined with conspiracy counts naming other defendants or where concert of action is alleged and evidence admissible to prove the conspiracy is also admissible to prove the substantive counts. Compare United States v. Kelley, 105 F.2d 912, 916 (2d Cir. 1939); United States v. Verra, 203 F.Supp. 87 (S.D.N.Y.1962). See also, United States v. Cardall, 189 F.Supp. 660 (S.D.N.Y. 1960).

joinder. The improper joinder itself constitutes prejudice.[19]

The motion for a severance is granted upon the ground that the counts were improperly joined.

19. See McElroy v. United States, 164 U.S. 76, 81, 17 S.Ct. 31, 41 L.Ed. 355 (1896); Ward v. United States, 110 U.S.App.D.C. 136, 289 F.2d 877 (D.C.Cir.1961); Ingram v. United States, 272 F.2d 567, 570 (4th Cir. 1959).