**UNITED STATES of America,**

v.

**Harvey ROSENBERG, Defendant.**

United States District Court
S. D. New York.

Feb. 23, 1966.

66 Cr. 45.

½

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, for the United States; Otto G. Obermaier, Asst. U. S. Atty., of counsel.

Rabinowitz & Boudin, New York City, for defendant; Leonard B. Boudin, New York City, of counsel.

WEINFELD, District Judge.

The defendant, an attorney, is under indictment for perjury, allegedly committed when he testified before a grand jury in this district investigating into possible violations of the bail jumping, obstruction of justice and narcotics laws. The principal subject of the questioning of the defendant was the circumstances under which he received $30,000 collateral for the bail bond of Arnold Romano, who was arrested in Washington, D. C. on a warrant issued upon a complaint alleging narcotics violations in this District and who, while enlarged under the bail bond, became a fugitive from justice. Romano, in the removal proceedings in Washington, D. C., was represented by defendant herein.

The indictment contains two counts: the first charges the defendant falsely testified before the grand jury with respect to the source of the money; the second, that he falsely testified before the grand jury with respect to his conversations with a "law enforcement agency" as to the same matter.

The defendant's various motions are disposed of as indicated hereafter.

I. Motion for inspection of grand jury minutes.

Since the charge is perjury, the defendant is entitled to inspection of his testimony before the grand jury.[1] There is no basis for the prosecution's position fixing an arbitrary date before trial, prior to which the minutes are to be withheld from the defendant. If a transcribed copy is now available, it shall be delivered to defense counsel forthwith.

1. United States v. Remington, 191 F.2d 246, 250–251 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952).

If no such copy is available, the minutes shall be transcribed and delivered without undue delay.

II. Motion for a bill of particulars.

■ The motion for a bill of particulars is disposed of as follows:

### Count 1

Item 1, granted, except as to the names of the members of the grand jury, which are obtainable from the public records.

Item 2, granted.

Items 3 and 15, denied. The materiality of the matter is evident from the face of the indictment.[2]

Items 4, 5 and 6: the essence of a perjury charge is testimony under oath as to any material matter which the witness does not believe to be true.[3] This is sufficiently alleged in the indictment. These items are granted to the extent of requiring the government to set forth in what respects it is claimed the testimony referred to in paragraph 4 of the indictment was untrue.

Item 7 is granted, to the extent that the government shall set forth with respect to testimony alleged to be untrue, as alleged in paragraph 5 of the indictment, what the government claims to be the true facts. If unable to so state, it shall say so under oath.

Items 8, 9 and 10, granted.

### Count 2

Item 11, granted.

Item 12, granted, to the extent of the names and official positions of the agents referred to in paragraph 8 of the indictment.

Item 13, granted.

Item 14, granted, to the extent of the subject matter of the investigation.

Item 16, granted.

Items 17 and 18, denied.

III. Motion under Rule 17.

Item 1, granted. However, Exhibit B, the transcript of the proceedings before District Judge Cannella attached to the supplemental affidavit in support of the motion, appears to be the full record of what is sought. If there are other proceedings which come within the description of item 1, these shall be made available.

Items 2, 3 and 5: the request for the issuance of a subpoena to obtain the grand jury testimony of witnesses and their statements is denied, since this is not permissible under existing authorities.[4] There has been no showing of "unusual circumstances" to warrant the requested relief.[5]

■ However, the defendant's own statements to the law enforcement agency referred to in count 2 shall be made available. Count 2 alleges it was material to the investigation being conducted by the grand jury and described in count 1 that it ascertain whether the defendant had "ever told any law enforcement agency how he had obtained the said $30,000" —the principal matter of inquiry under the first count. The subsequent charging paragraphs of count 2 allege that the defendant falsely testified as to what allegedly he told to the agents of the enforcement agency. He was asked, among other matters, whether he recalled telling the agents about the $30,000; whether he "couldn't have told them anything"; whether they asked him "noth-

2. See United States v. Cason, 39 F.Supp. 731, 733 (D.La.1941). Compare United States v. Cobert, 227 F.Supp. 915, 922 (S.D.Cal.1964).

3. United States v. Remington, 191 F.2d 246, 248 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952); United States v. Charnay, 211 F.Supp. 904, 906 (S.D.N.Y.1962).

4. See United States v. Murray, 297 F.2d 812, 819–822 (2d Cir.), cert. denied, 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 794 (1962). Accord, 18 U.S.C. § 3500; United States v. Marchisio, 344 F.2d 653, 670 (2d Cir. 1965).

5. See United States v. Williams, 37 F.R.D. 24 (S.D.N.Y.1965). Compare United States v. Kahaner, 203 F.Supp. 78, 85 (S.D.N.Y.1962).

ing about the $30,000"; and what he did tell them.

The defendant's testimony with respect to the agency inquiry or interview is so clearly the basis of the perjury charge in the second count that the rationale of the Remington case [6] requires that the text of the inquiry be made available to the defendant. The full text, from which the questions put by the Assistant United States Attorney to the defendant were apparently culled, may shed light on how the defendant understood the questions or what he meant by his answers and, as noted in Remington, "access to * * * his own testimony * * *. may afford him an affirmative defense." [7] This aspect of the defendant's motion for relief under Rule 17(c) is granted to the extent of requiring that there be made available a transcript of the interviews at which the defendant was present and made the statements about which he was questioned before the grand jury.

---

6. United States v. Remington, 191 F.2d 246, 250–251 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952). See also, United States v. Rose, 215 F.2d 617, 629 (3d Cir. 1954).

7. United States v. Remington, 191 F.2d 246, 251 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952).