**UNITED STATES of America**

v.

**Bernard GOLDENBERG and Joseph Edwards, Defendants.**

**No. 66 Cr. 790.**

United States District Court
S. D. New York.

Jan. 6, 1967.

Robert M. Morgenthau, U. S. Atty., for Southern District of New York, for plaintiff, Michael F. Armstrong, Asst. U. S. Atty., of counsel.

William Power Maloney, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

Defendant Goldenberg moves herein for discovery and inspection, a bill of particulars, severance, and dismissal of the indictment for failure to charge facts constituting the crime of perjury.

The defendant is named in the first three counts of a four-count perjury in-indictment which includes one count against Joseph Edwards. Defendant Goldenberg is accused of perjury before the Securities and Exchange Commission and the Grand Jury, and defendant Edwards is accused of perjury before the Grand Jury. All of the alleged false statements pertain to the alleged promotion activities of both defendants with respect to Fotochrome Corporation stock in the latter part of 1965.

(1) *Motion for Discovery and Inspection.*

Defendant Goldenberg moves for the inspection of the minutes of his Grand Jury testimony and for the production of the minutes of his testimony before the Securities and Exchange Commission.

On the authority of United States v. Remington, 191 F.2d 246, 250–251 (2d Cir. 1951), cert. denied, 343 U.S. 907, 72 S.Ct. 580, 96 L.Ed. 1325 (1952), the Government makes no objection to this part of the motion, and it is accordingly granted.

(2) *Motion for Bill of Particulars.*

Defendant Goldenberg asks for a bill of particulars setting forth in detail exactly what the Government will claim is the truth of the matter as to which he is accused of giving false testimony, and that he be furnished with the time and place and the names of persons present at the time "when the testimony or acts adverse to [his] testimony before the Grand Jury and the S.E.C. occurred."

■■ The indictment as written contains all the particulars necessary to enable the defendant to understand the charges against him and to protect himself from double jeopardy. The purpose of a bill of particulars is not to obtain the Government's evidence or to grant defendant a preview of its case. In a perjury case the Government is required to set forth only the allegedly false statements and not what the truth was. United States v. Hiss, 185 F.2d 822 (2d Cir. 1950), cert. denied, 340 U.S. 948, 71 S.Ct. 532, 95 L.Ed. 683 (1951).

Certain of the information requested may be obtained from the minutes of the Grand Jury and of defendants' testimony before the Securities and Exchange Commission. Any further requests for particulars are denied.

(3) *Motion for Severance.*

■ The general rule is that persons jointly indicted should be tried together, and this is especially true where a crime is charged which might be proved against the same defendants by the same evidence and which results from the same or a similar series of acts. Hall v. United States, 83 U.S.App.D.C. 166, 168 F.2d 161, 4 A.L.R.2d 1193 (D.C.Cir.), cert. denied, 334 U.S. 853, 92 L.Ed. 1775 (1948) ; United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962), aff'd, 317 F.2d 459 (2d Cir.), cert. denied, Keogh v. U. S., 375 U.S. 836, 84 S.Ct. 74, 11 L.Ed.2d 65 (1963).

The propriety of joining in one trial defendants accused of perjuring themselves about the same event has been upheld in United States v. Cohn, 230 F. Supp. 587 (S.D.N.Y.) aff'd sub nom. Application of Gottesman, 332 F.2d 975 (2d Cir. 1964).

■ No sufficient showing of prejudice has been made by defendant Goldenberg. Accordingly, the motion for severance is denied.

(4) *Motion to Dismiss for Failure to Charge Facts Constituting the Crime of Perjury.*

■ The indictment on its face is clearly sufficient and defendant Goldenberg alleges no basis whatsoever for this part of his motion.

In his memorandum and affidavit, defendant Goldenberg is apparently complaining of the failure to have counsel physically present with him within the Grand Jury Room at the time of his interrogation. It is conceded that defendant Goldenberg was told he could go outside the Grand Jury Room and consult with his counsel at any time he chose. Neither Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) nor Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is authority for the proposition that a witness before the Grand Jury is entitled to have his counsel physically present with him in the Grand Jury Room.

Defendant Goldenberg's argument would appear to be that absent counsel he was in effect given a license to perjure himself before the Grand Jury. Such argument scarcely merits comment. See United States v. Winter, 348 F.2d 204 (2d Cir.), cert. denied, 382 U.S. 955, 86 S. Ct. 429, 15 L.Ed.2d 360 (1965).

Defendant Goldenberg also makes certain charges with respect to the conduct of the Assistant United States Attorney before the Grand Jury, and in this regard asks that the minutes of the Grand Jury and the transcript of the testimony given to the Securities and Exchange Commission be made available to him with a view to dismissal of the indictment and the subsequent presentation of the matter to another Grand Jury. Since the minutes of the Grand Jury and the transcript of testimony before the Securities and Exchange Commission are

being made available to defendant Goldenberg with the consent of the Government, defendant will be better advised, after having examined the same, whether to continue this particular line of attack. Although there is no motion on this particular charge presently before me, on the basis of statements made by the Assistant United States Attorney in open court without contradiction by defendant's attorney, I do not believe that the charges made by defendant Goldenberg in his affidavit warrant the investigation requested.

Defendant Goldenberg's motions are disposed of as hereinbefore noted.

So ordered.