**UNITED STATES of America**

v.

**Louis WOLFSON, Elkin Gerbert, Joseph Kosow, Alexander Rittmaster, Marshall Staub, Defendants.**

No. 66 Cr. 832.

United States District Court
S. D. New York.
April 11, 1967.

Robert M. Morgenthau, U. S. Atty., New York City, for the United States; Michael Armstrong, New York City, of counsel.

Shea, Gallop, Climenko & Gould, New York City, for defendants Louis Wolfson and Elkin Gerbert; Milton S. Gould, New York City, of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for defendant Joseph Kosow; Simon H. Rifkind, New York City, of counsel.

Raichle, Moore, Banning & Weiss, Buffalo, N. Y., for defendant Marshall Staub; Frank G. Raichle, James O. Moore, Jr., New York City, of counsel.

Arnold & Porter, Washington, D. C., for defendant Alexander Rittmaster; Milton V. Freeman, Washington, D. C., of counsel.

## MEMORANDUM

COOPER, District Judge.

We deal here with a five count indictment that charges conspiracy, perjury and filing false statements in connection with an alleged securities fraud. All defendants except Kosow are "insiders" in the Merritt Chapman & Scott Corpora-

tion. The first count charges that each defendant conspired to violate the securities laws of the United States; the second count that Wolfson committed perjury before the SEC; the third count that Gerbert committed perjury before the SEC; the fourth and fifth counts that Wolfson, Gerbert and Staub filed false statements with the SEC and the New York Stock Exchange.

Defendants Wolfson, Gerbert, Kosow and Staub move to dismiss the indictment on the grounds that their appearance before the grand jury violated their constitutional rights and that the grand jury panel was not properly selected. In the alternative, defendant Kosow moves for a severance; defendants Wolfson and Gerbert move for a change of venue or a continuance.

### Appearance of Defendants Before the Grand Jury

Defendants contend that their appearance before the grand jury violated their fifth and sixth amendment rights. It is conceded by the government that each defendant was considered a "possible" defendant at the time of his appearance before that body. Each defendant, by his attorney, notified the Assistant United States Attorney in charge of the matter that he would refuse to answer any inquiry put to him before the grand jury. This position was in fact followed, for each defendant actually invoked his constitutional privilege when questioned upon his appearance before the grand jury.

Defendants contend that the mere calling of a prospective defendant before a grand jury, knowing beforehand that he will invoke his fifth amendment privilege, and then "forcing" him to assert that right, so prejudices him in the eyes of the grand jury as to invalidate the indictments. We regard this position as having been correctly rejected in numerous cases. See United States v. Winter, 348 F.2d 204 (2d Cir. 1965); United States v. Irwin, 354 F.2d 192 (2d Cir. 1965); United States v. Cleary, 265 F.2d

459 (2d Cir. 1959); United States v. Cefalu, 338 F.2d 582 (7th Cir. 1964).

In a recent case, Judge Tenney denied a motion to dismiss upon facts almost four-square with those presented here. We are in agreement with his observation:

If defendant's motion were granted, this would mean that in any case where a prospective defendant were summoned to appear before a Grand Jury, all he would have to do is inform the United States Attorney that he would assert his constitutional privilege, and he would then not be required to appear and testify. In such a case, he would automatically gain immunity from Grand Jury subpoena and "would denude that ancient body of a substantial right of inquiry." United States v. Leighton, 265 F.Supp. 27 (S.D.N.Y. Jan. 24, 1967).

The defendants further assert that in the exercise of our supervisory power we should dismiss the indictment because of the "harassment" by the Assistant United States Attorney. Our close reading of the grand jury transcript reflects neither basis for the complaint nor such deliberate attempt to prejudice the grand jurors as would warrant dismissal. Compare United States v. Di Grazia, 213 F. Supp. 232 (N.D.Ill.1963).

The Assistant United States Attorney has sworn that he instructed the grand jury that they could draw no inference from the exercise by defendants of their privilege against self-incrimination or from the exchange with defendant Staub as to external influence upon the government.[1] We have no reason whatever to doubt that this in fact was done, or to question the ability of the jurors to proceed as instructed. Cf. United States v. Dodge, 260 F.Supp. 929 (S.D.N.Y. Feb. 11, 1965).

The apparent failure of the Assistant United States Attorney to instruct Kosow of his right to confer with counsel is harmless error inasmuch as

[1]. Affidavit of Michael F. Armstrong, paras. 4 & 5 (sworn to March 16, 1967).

Kosow, following the advice of his able counsel, answered no questions.

■ We also reject defendants' contention that the failure to permit counsel to accompany them in the grand jury room violated their right to counsel under the sixth amendment. In re Groban, 352 U.S. 330, 346–347, 77 S.Ct. 510, 1 L.Ed. 2d 376 (1957); United States v. Kane, 243 F.Supp. 746, 753 (S.D.N.Y.1965). "Neither Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) nor Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) is authority for the proposition that a witness before the Grand Jury is entitled to have his counsel physically present with him in the Grand Jury Room." United States v. Goldenberg, 276 F.Supp. 898, 900 (S.D.N.Y. Jan. 9, 1967).

We firmly believe that there must not be tolerance for even a shadow of invasion of a defendant's constitutional privileges and safeguards before the grand jury, but surely it is not asking too much that he be sworn, state his position under oath with respect to each aspect of an orderly inquiry, his rights fully respected, and then excused.

### The Composition of the Grand Jury

■ Defendants move to dismiss the indictment, or in the alternative for a hearing, on the grounds that the grand jury did not represent a true cross-section of the community. They contend that Negroes, Puerto Ricans and members of racial, ethnic and socio-economic minorities are intentionally and systematically excluded.

The papers attacking the grand juror selection process here are virtually the same as those considered by us in United States v. Elliott, 266 F.Supp. 318 (S.D. N.Y. March 10, 1967). Defendants motion here is denied for the same reason set forth in *Elliott:* they have offered

no proof sustaining an objection to the selection process that was not considered and rejected in numerous cases in this Circuit.[2]

### Transfer of Venue or Continuance

Defendants Wolfson and Gerbert move to transfer venue to the Middle District of Florida, or in the alternative, for a continuance. Motion denied.

■ Defendants contend that the publicity attendant upon their indictment was so voluminous and prejudicial as to prevent them from having a fair and impartial trial in this district. We find the proof submitted inadequately supports their position. Their exhibits reveal that virtually all the publicity complained of appeared in October and November of 1966. Under these circumstances, we do not find that there is "a reasonable likelihood" that the prejudicial publicity will prevent a fair trial. See Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966). Sufficient time has elapsed to diminish the threat of that publicity. See United States v. Armone, 363 F.2d 385 (2d Cir. 1966); United States v. Bowe, 360 F.2d 1 (2d Cir. 1966).

If, however, prejudicial publicity re-occurs, or it does prove impossible to select an impartial jury, defendants may renew their motion before the trial judge. See United States v. Wolfson, 269 F.Supp. 621 (S.D.N.Y. Dec. 13, 1966).

### Motion for Severance

Pursuant to Rule 14, F.R.Crim.P., defendant Kosow moves to sever the conspiracy count with which he is charged from the substantive counts with which he is not charged. Motion denied.

In support of his motion Kosow argues that severance is necessary because the possibility of guilt by association is inherent in the indictment; that there

**2.** United States v. Kelly, 349 F.2d 720 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); United States v. Bowe, 360 F.2d 1 (2d Cir. 1966); United States v. Agueci, 310 F.2d 817, 99

A.L.R.2d 478 (2d Cir. 1962), cert. denied, 372 U.S. 959, 83 S.Ct. 1016, 10 L.Ed.2d 12 (1963); United States v. Greenberg, 200 F.Supp. 382 (S.D.N.Y.1961).

is great danger that the jury will be confused by the evidence tying each defendant to the alleged conspiracy; that the adverse publicity directed at defendants Wolfson and Gerbert may "rub off" on Kosow; and that he has need to call as witnesses his co-defendants, a course which he would not be able to follow upon a joint trial. Within the limits of the factual disclosures now before us (including Judge Rifkind's letter of April 4, 1967), we are obliged to find these arguments unconvincing.

United States v. Echeles, 352 F.2d 892 (7th Cir. 1965), United States v. Gleason, 259 F.Supp. 282 (S.D.N.Y.1966) and United States v. Kelly, 349 F.2d 720 (2d Cir. 1965) cited by Kosow in support of his motion are clearly distinguishable. We have here neither the compelling circumstances in *Echeles* wherein the co-defendant made definite statements as a matter of record before trial exculpating the defendant Echeles,[3] nor in *Gleason* where the nature of the charge coupled with the relationship of the parties, made the testimony of co-defendant Pitkin, the accountant, vital to defendant's defense. In *Gleason* too the co-defendant made definite exculpatory statements before trial. United States v. Gleason, supra at 283. Further, we can not state at this point that the complicating factors that prompted the granting of severance in Kelly (United States v. Kelly, supra at 759) exist or will exist in this case.

In United States v. Re, 62 Cr. 307 (S.D.N.Y. Aug. 10, 1962), also cited by Kosow, Judge Murphy granted severance of a conspiracy count charging violation of the anti-fraud provisions of the securities laws from substantive counts charging certain of the defendants with making false statements to a government agency. Judge Murphy concluded that "[i]n the interest of justice" severance was necessary. We do not regard that case as compelling severance here, for the decision there rested on its particular facts and no statement of its rationale is recorded.

Finally, Kosow relies on DeLuna v. United States, 308 F.2d 140, 1 A.L.R.3d 969 (5th Cir. 1962). The specific holding of that case was that prejudicial comments by one defendant's counsel as to failure of the other defendant to testify in his behalf violated his fifth amendment privilege. The court's comments on severance must be read in the light of the apparent conflicting interests between the co-defendants and additionally the decision of one defendant to take the witness stand while the other elected not to do so.

Kosow would have us place great weight on the fact that he was not a corporate "insider" in the Merritt Chapman & Scott corporation as were the other defendants named in the present indictment. Count one, however, charges that Kosow was a central figure in the conspiracy charged. Accordingly, we cannot at this juncture accord significance to his claim of "outsider" status.

Were we to accept Kosow's arguments in this case, especially as to the statement that he "must be free" to call his co-defendants as witnesses, the result would be to put an end to joint trials in virtually all cases. To be honored, such a statement must be supported by hard facts of a calibre similar to those set forth in *Echeles* and *Gleason*.

We also point to United States v. Verra, 203 F.Supp. 87, 90–91 (S.D.N.Y. 1962) where Judge Weinfeld stated:

> Where there are common elements of proof in the joined offenses, the public interest in avoiding duplicitous, time-consuming and expensive trials must be weighed against the prejudice which the defendants envision. Based on what is before us at this point in the proceedings, the public interest in joinder outweighs any possible prejudice.

■ Lastly, "the trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice" to a

---

3. Compare United States v. Van Allen, 28 F.R.D. 329, 338–39 (S.D.N.Y.1961).

particular defendant becomes apparent. Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960). Accordingly, in light of the limited factual disclosure contained in the papers presently before us and the possibility of their later amplification, we think it best to defer to the discretion of the trial judge. We do not preclude the possibility that facts may develop which would compel a different result. We are satisfied at this posture of the case that, with proper instructions to the jury, any possible prejudice to Kosow can be avoided.

All motions made by defendants herein are denied.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.