Jesse L. BARNES, Appellant,

v.

UNITED STATES of America,
Appellee.

James F. SMITH, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 20373, 20374.

United States Court of Appeals
District of Columbia Circuit.

Argued April 20, 1967.

Decided June 15, 1967.

Petition for Rehearing En Banc in No. 20373 Denied Sept. 15, 1967.

Mr. Ben Ivan Melnicoff, Washington, D. C. (appointed by this court), for appellant in No. 20,373.

Mr. Marvin J. Sonosky, Washington, D. C. (appointed by this court), for appellant in No. 20,374. Mr. John A. Terry, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before BAZELON, Chief Judge, WILBUR K. MILLER, Senior Circuit Judge, and BURGER, Circuit Judge.

PER CURIAM:

This is an appeal from conviction of Smith for rape and Barnes for rape and aiding and abetting rape. The details brought out by the long trial are too unspeakable to recite except to the extent required. It is sufficient to say that the Government's case showed that the complaining witness, a 16 year old girl, was forcibly seized at 9:30 at night, taken to a garage, then to an apartment, then back to the garage, then to a car, and finally back to the garage. She was forcibly detained from 9:30 p. m. until 7:30 a. m. and during that interval she was beaten, tortured and sexually assaulted repeatedly by an unknown number of males, and unknown number of times. She testified she was conscious during most of this period but at times feigned otherwise. She testified that it was Barnes who first seized and took her to the garage and that he assaulted her various times in the ensuing 10 hours. She further testified that Smith and three defendants who were acquitted, Harrington, Jackson and Williams, also assaulted her.

On appeal Appellants contend the District Court erred (a) in permitting joinder of the defendants in one indictment; (b) in failing to sever the cases; and (c) in allowing the conviction against Barnes for aiding and abetting Smith to stand, absent evidence that Barnes was present when Smith committed the rape.

The trial covered a period of approximately one month and many witnesses were called; the jury deliberated 3½ days. The nightmarish and shocking episodes described in the record represent a continuous sequence covering the entire night and a concert of activity by multiple participants. Verdicts of not guilty as to three defendants after prolonged deliberation suggest both care and a discriminating evaluation of the evidence.

■ Joinder of the defendants in the same indictment was clearly proper under FED.R.CRIM.P. 8. The decision to deny severance was one calling for the sound judicial discretion of the Trial Judge, FED.R.CRIM.P. 14, and on this record there is no basis for holding that discretion was abused. Inevitably, an alleged mob-like action exposes the participants to the likelihood of a common trial. That the careful instructions of the Trial Judge to view the evidence separately as to each defendant were heeded by the jury is indicated in the acquittal of three defendants in the face of very strong evidence against them. The jury was plainly able to separate the evidence against Barnes and Smith from that against the other defendants in order to conclude that the Government's case did not persuade them beyond reasonable doubt that these three were also guilty.

■ It was not essential that Barnes be physically present in order to make him an aider and abettor of Smith; there was evidence that Barnes had forcibly abducted the girl from a public street in the early evening and his conduct from 9:30 onward was such that the jury could reasonably conclude it was in aid of Smith and others. Moreover,

Barnes' sentences on the two counts are concurrent. *Hirabayashi v. United States*, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

If any miscarriage of justice or error can be gleaned from this record, it is surely not in the judgments against these Appellants.

Affirmed.

BAZELON, Chief Judge, concurs in the result.