**In the Matter of the Motion of Burton I. WEISS, Carl David Burak, James Creegan, Robert Greenblatt, William Mittelman and Christopher Robinson to Quash Grand Jury Subpoenas Requiring Their Appearance before the October Special Grand Jury Convened to Investigate Alleged Violations of Section 462, Title 50, Appendix United States Code.**

### No. M 11–188.

United States District Court
S. D. New York.

Dec. 14, 1967.

Robert M. Morgenthau, U. S. Atty., by Exec. Asst. U. S. Atty. Albert J. Gaynor, New York City, for defendants.

Alan H. Levine, Edward J. Ennis, Marvin M. Karpatkin, New York City, for movants.

MOTLEY, District Judge.

*Memorandum of Decision on Motion*

Movants are persons who have been subpoenaed to appear and testify before a special grand jury convened to investigate alleged violations of Title 50 (Appendix) U.S.C. § 462 (Draft Card Burning). Movants claim that it is suspected that they have violated the cited statute. The instant motion was brought on by order to show cause signed on December 11, and heard on December 12, as two of the movants are scheduled to appear before the grand jury on December 13 and 14, 1967. In their motion, movants ask this court for an order:

a) Quashing the grand jury subpoenas served on movants herein unless their testimony and all evidence derived

therefrom are excluded from use in any future proceeding against them; or, in the alternative, directing that movants be entitled to the assistance of counsel in the grand jury room;

b) Suppressing and excluding from use before the grand jury or any other proceeding any testimony, or evidence derived therefrom, given by the movants before the October Special Grand Jury.

Entitlement to the relief requested is based upon the following allegations and claims:

1) The United States Attorney, and his assistants, and the grand jury have engaged in a systematic attempt to deprive movants and others of their Fifth Amendment rights. It is alleged that movants and others suspected of having burned their draft cards at a mass protest demonstration in Central Park on April 15, 1967, are being compelled to appear before the grand jury. It is also alleged that movants and others are being induced to waive their privilege against self-incrimination before the grand jury by a continuous pattern of coercion and intimidation. It is claimed that the foregoing acts violate the letter and spirit of the privilege against self-incrimination and are flagrant attempts to elicit testimony in spite of the guarantees and protections afforded by the Fifth Amendment.

2) Since movants are suspects, bringing them before the grand jury, under the compulsion of subpoenas and depriving them of the assistance of counsel during their questioning by the grand jury, violates their constitutional rights under the First, Fourth, Fifth and Sixth Amendments to the United States Constitution.

3) The constitutionality of the statute which attempts to make draft card burning illegal when done as an expression of symbolic protest against government policy is now *sub judice* before the United States Supreme Court.

Rule 6(d), Fed.R.Cr.P., was invoked by the United States Attorney to bar movants' counsel from the grand jury room. That rule provides:

*Who May Be Present.* Attorneys for the government, the witness under examination, interpreters when needed and, for the purpose of taking the evidence, a stenographer or operator of a recording device may be present while the grand jury is in session, but no person other than the jurors may be present while the grand jury is deliberating or voting.

Upon the hearing of the instant motion, the United States attorney reiterated the practice in this court. That practice is to permit counsel to be present outside the grand jury room. Witnesses may leave the grand jury room to consult counsel at appropriate times.

In addition, the United States attorney advised the court that the movants who already had been before the grand jury and others who have appeared during the course of this investigation have been advised of their Fifth Amendment rights "ad nauseam" and had been permitted to leave the room to consult the very same counsel who appears now on behalf of movants.

The relief requested by movants is denied on the ground that movants have misconceived their remedy and have acted prematurely.

■ Prospective defendants in a criminal case are not immune from testifying before a grand jury. United States v. Irwin, 354 F.2d 192, 198–199 (2d Cir. 1965), cert. denied, 383 U.S. 967, 86 S.Ct. 1272, 16 L.Ed. 308 (1966); United States v. Rosen, 353 F.2d 523, 523–524 (2d Cir. 1965) cert. denied, 383 U.S. 908, 86 S.Ct. 889, 15 L.Ed.2d 663 (1966); United States v. Winter, 348 F.2d 204, 207 (2d Cir. 1965), cert. denied, 383 U.S. 955, 86 S.Ct. 429, 15 L.Ed.2d 360; United States v. Scully, 225 F.2d 113, 116 (2d Cir. 1955), cert. denied, 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788; United States v. Pilnick, 267 F.Supp. 791, 798 (S.D.N.Y.1967).

Counsel for movants cite no case in which a court has issued an order quash-

ing subpoenas or excluding testimony from use before a grand jury, before an indictment has been handed up, on the ground that Fifth Amendment rights have been violated.

Movants' claim is that the Supreme Court's decisions in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964); Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) must be extended to include protection for the proper exercise of their claimed constitutional rights before the grand jury.

■ The right to counsel in the grand jury room was not upheld before the *Miranda* decision. In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957). Claims that *Escobedo* and *Miranda* are authority for the proposition that a witness before a grand jury has the right to counsel in the grand jury room have been unsuccessfully made before in this court. United States v. Wolfson, 282 F.Supp. 772 (S.D.N.Y.Opinion of Judge Cooper, April 11, 1967); United States v. Goldenberg, 276 F.Supp. 898 (S.D.N.Y.Opinion of Judge Tenney, Jan. 9, 1967).

But movants can draw no real support for their present posture from the Supreme Court cases cited above on which they rely, since each of those cases dealt with the admissibility of certain evidence upon trial of a defendant. In *Escobedo*, the Court said: "The critical question is whether * * * the refusal by the police to honor petitioner's request to consult with his lawyer * * * constitutes a denial of 'the Assistance of Counsel' * * * and thereby renders inadmissible * * * any incriminating statement elicited by the police during the interrogation". 378 U.S. 478, 479, 84 S.Ct. 1759. The Court in *Miranda* explicitly stated that, "The constitutional issue we decide in each of these cases is the admissibility of statements obtained from a defendant questioned while in custody * * *." 384 U.S. 445, 86 S. Ct. 1612. In *Wade* the question was:

" * * * whether courtroom identifications of an accused at trial are to be excluded from evidence because the accused was exhibited * * * at a post-indictment lineup * * * in the absence of the accused's appointed counsel." 388 U.S. 219, 87 S.Ct. 1928.

■ In short, none of the cases cited by movants is authority for an injunction directing the police to cease their interrogation until counsel arrives or authority for an order directing that counsel be permitted to intervene. Under the holdings of those cases, if counsel is not present and the accused has not waived his rights, then any confession or other improperly obtained evidence is inadmissible in the trial of the defendant. That is not the issue posed before this court. While it is true that the moving papers have requested that any evidence secured from movants be suppressed, no evidence has yet been introduced and no indictment has yet been presented. Therefore, the request of the petitioners is premature. Thus, the court need not pass upon the broad question of the validity of any indictment or evidence secured without affording movants an alleged right to counsel in the grand jury room. The court rests its decision upon the narrow ground that movants misconceive their remedy.

■ Counsel for movants asked this Court to weigh the "chilling" effect which these grand jury proceedings may have on the assertion of First Amendment rights. See Dombrowski v. Pfister, 380 U.S. 479, 487, 85 S.Ct. 1116, 14 L. Ed.2d 22 (1965) and cases cited therein. The grand jury is still the proper body to determine whether there exists probable cause for an indictment against one suspected of a crime. The mutilation and burning of draft cards is a federal crime, 50 U.S.C. (Appendix) § 462. Recently, this Circuit has upheld the constitutionality of this statute in the face of objections that First Amendment rights are being violated. United States v. Miller, 367 F.2d 72 (2d Cir. 1966), cert. denied, 386 U.S. 911, 87 S.Ct. 855, 17 L.Ed.2d 787. Contra: United States

v. O'Brien, 376 F.2d 538 (1st Cir. April 10, 1967), cert. granted, 389 U.S. 814, 88 S.Ct. 61, 19 L.Ed.2d 65, Oct. 10, 1967.

This court is bound by the decision of this Circuit until overruled.

The motion is denied in accordance with an order filed December 13, 1967.