**UNITED STATES of America**
v.
**John JEFFRIES, Willie R. Ross and Lawrence D. Stephenson.**
**Crim. No. 623-68.**

United States District Court
District of Columbia.
Aug. 20, 1968.

See also D.C., 45 F.R.D. 110.

James A. Strazzella, Lee Freeman, Asst. U. S. Attys., for the United States.

Robert L. Weinberg, Washington, D. C., for defendant Jeffries.

John Bray, Washington, D. C., for defendant Ross.

Belford V. Lawson, Jr., Washington, D. C., for defendant Stephenson.

## MEMORANDUM OPINION

GESELL, District Judge.

Defendants invoke Rule 8 of the Federal Rules of Criminal Procedure and move to sever offenses and to sever defendants. These motions rely on the legal requirements of Rule 8 and, in addition, appeal to the Court's discretion under Rule 14.

The indictment, which arises out of the recent civil disorders in this city, has three counts and names three defendants. Burglary in the second degree, petty larceny and engaging in riot are charged. All defendants are named in the burglary and riot counts, and only one in the petty larceny count.

The most difficult problem presented to the Court is whether the joinder of defendants in the first count of the indictment charging Burglary II is permissible under Rule 8(b). At pretrial and at argument on the motions it appears that police arrived at the scene of looting, threw tear gas into a store and the three defendants emerged and were arrested. There is no indication at this stage that the defendants knew each other, entered at the same time, or engaged in any conduct by plan or agreement in advance.

The defendants indicted for Burglary II are not involved in the same "transaction" or "series of transactions" simply because they are accused of looting the same store at about the same time. In the ordinary burglary case, they would presumably be acting in concert under these circumstances and the aiding and abetting instruction would apply. Looting cases during the April disturbances present a different situation which the Court cannot ignore. Individuals having no connection with each other whatsoever have been arrested

while looting the same establishment at or about the same time and later indicted together. This is too loose a standard, particularly in view of the other counts of the indictment which cover two different offenses. Accordingly, the Court will grant a severance as to each defendant named under Count I. Cupo v. United States, 123 U.S.App.D.C. 324, 359 F.2d 990 (1966), cert. denied, 385 U.S. 1013, 87 S.Ct. 723, 17 L.Ed.2d 549 (1967); Ingram v. United States, 272 F.2d 567 (4th Cir. 1959); United States v. Charnay, 211 F.Supp. 904 (S.D.N.Y.1962).

With respect to the third count charging engaging in a riot, it is apparent that all three defendants may be properly tried together under Rule 8(b). Proof of an assemblage in the context of tumultuous and violent conduct is required by 22 D.C.Code § 1122. Defendants need not be acting in concert to be convicted under this provision and proof as to the conduct of each defendant is proof as to the other two. Thus, defendants by their alleged actions have participated in the "same series of acts or transactions constituting an offense or offenses." By taking part in a mob-like action, they have made themselves liable to a joint trial on Count III. See Barnes v. United States, 127 U.S.App.D.C. 95, 381 F.2d 263 (1967).

Regarding the alleged prejudice which it is suggested might result from the joint trial of the three defendants on the riot count, appeal is made to the Court's discretion under Rule 14. To be sure, one defendant has a prior relevant record under Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763 (1965). Another defendant challenges his identification. Only one defendant, Jeffries, is charged with larceny on the basis of goods allegedly in his possession and recovered on arrest. These differences are slight and the different positions of the defendants may be taken into account in the instructions to the jury where appropriate. They do not warrant severance.

Evidence of a riot includes proof of an assemblage. Thus, proof of the acts of the other two defendants would be admissible here with respect to the acts of any one defendant. Trial economy would be served by joinder since the evidence against each is almost identical and the witnesses are the same. Therefore, all defendants may be tried together under the third count of the indictment.

As far as Rule 8(a) is concerned, the Court has concluded that each defendant may be individually tried upon all the counts under which he is charged in the indictment. These counts are based on the same "acts or transactions connected together." Proof of burglary in the second degree, e. g., looting, is, under the circumstances, relevant to the proof of the charge of engaging in riot. The larceny count as to one defendant reflects the product of the alleged burglary and is relevant to both burglary and engaging in riot. The evidence of willfully engaging in riot will bear on the elements of intent present in the other offenses. Joinder serves the goals of trial economy and convenience, and testimony from the store owner and police concerned need only be taken once on the trial of each defendant. The proceeding will not be made unduly complicated and the standards for joinder of counts recently and carefully delineated in Baker v. United States, 131 U.S.App.D.C. 7, 401 F.2d 958 (1968), have been fully satisfied.

The trial date set in this matter will stand for whatever severed portion of the indictment the United States Attorney will promptly indicate he has chosen for trial.

Counsel shall submit an appropriate order.