**Application of Murray E. GOTTESMAN.**

**Docket 28945.**

United States Court of Appeals
Second Circuit.

Argued June 1, 1964.

Decided June 2, 1964.

Henry K. Chapman, New York City, for petitioner-defendant.

Gerald Walpin, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, Donald J. Cohn, Edward M. Shaw and John R. Bartels, Jr., Asst. U. S. Attys., of counsel), for the United States.

Before LUMBARD Chief Judge, and MOORE and HAYS, Circuit Judges.

PER CURIAM.

Petitioner-defendant Murray E. Gottesman seeks an order in the nature of a writ of mandamus directing Judge Bonsal to grant petitioner's motion for a severance pursuant to Rules 8(b) and 14, Federal Rules of Criminal Procedure.

Petitioner is a co-defendant with Roy M. Cohn in an indictment charging him with two counts (Nine and Ten) of perjury and Cohn of three counts of perjury and four counts of obstructing justice. A conspiracy count was dismissed at the end of the first trial. The defendants now await retrial on June 9th on the remaining counts, following a mistrial declared after the jury had deliberated more than three days.

■ Joinder of the counts in the indictment was permissible and proper under Rule 8(b). This propriety is not affected by the dismissal of the conspiracy count. Rule 14 serves a different function, namely, to permit a defendant to show prejudice from the joinder. Technically, it can be argued that every defendant may be prejudiced as a result of being tried with some other defendant. However, Rule 8(b) permits joinder. Counts Four (Cohn), Nine and Ten (Gottesman) cover the same subject matter, namely, the same alleged meeting with Garfield and Swann at the same time and place.

The prospective trial judge, Judge Bonsal, carefully considered the elements essential to a proper determination of petitioner's application and found no showing of prejudice.

■■ A motion for a severance is addressed to the discretion of the Court. This discretion will not be interfered with by way of a writ of mandamus un-

**976**

less a strong showing of prejudice is made. See Opper v. United States, 348 U.S. 84, 75 S.Ct. 158, 99 L.Ed. 101, 45 A.L.R.2d 1308 (1954). The fact situation in United States v. Charnay, 211 F.Supp. 904, S.D.N.Y.1962, in which severances were ordered, was sufficiently different as Judge Bonsal pointed out in his opinion.

Petition denied.

HAYS, Circuit Judge (concurring in the result).

I concur in the result. Mandamus is sought here for the purpose of pressing a premature appeal. I would deny the motion on this ground without reaching the merits.