

Frank G. Raichle, Buffalo, N. Y. (Thomas A. Bolan, New York City, of counsel), for petitioner-defendant.

Gerald Walpin, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York, Donald J. Cohn, Edward M. Shaw and John R. Bartels, Jr., Asst. U. S. Attys., of counsel), for the United States.

Before LUMBARD, Chief Judge, and MOORE and HAYS, Circuit Judges.

**Application of Roy M. COHN.**

**Docket 28953.**

United States Court of Appeals
Second Circuit.

Argued June 1, 1964.

Decided June 2, 1964.

MOORE, Circuit Judge.

Petitioner-defendant Roy M. Cohn seeks an order in the nature of a writ of mandamus directing Judge Bonsal to grant petitioner's motion for a continuance of his retrial, now scheduled for June 9, 1964, or, in the alternative, for a change of venue (Rule 21(a), Federal Rules of Criminal Procedure).

On May 19, 1964, defendant Cohn moved before Judge Bonsal for a continuance or, in the alternative, for a change of venue. He received such papers and memoranda of law as Cohn and the Government desired to submit. After consideration of such papers and memoranda, Judge Bonsal denied both continuance and change of venue, saying that he was "not persuaded that the publicity called to [his] attention by defendant Cohn or by defendant Gottes-

man precludes the selection of a fair and impartial jury."

Petitioner has submitted in support of his application over one hundred newspaper and magazine clippings showing a vast amount of pre-trial, trial and post-trial publicity. As Judge Bonsal pointed out, since the early 1950's Cohn has received "considerable attention in the press" and "Cohn will continue to receive coverage in the press regardless of when the trial is held."

The Constitution (Sixth Amendment) guarantees to the accused "a speedy and public trial, by an impartial jury." This Judge Bonsal is attempting to achieve in fixing June 9th as the trial date. The fact that there has been widespread publicity, that potential jurors read newspaper articles and listen to radio and television broadcasts does not establish such bias or prejudice as would call for disqualification. Only upon the *voir dire* of the prospective jurors can it be determined whether an impartial jury can be selected.

On the first trial, a jury was obtained after a comparatively few hours of interrogation. The challenges available to the respective parties were not exhausted. It must be assumed, if we would continue to rely upon the jury system, that the talesmen will answer truthfully as to their prejudices or lack thereof. It would indeed be a cynical approach to believe that jurors, who give their assurance that they can fairly and impartially decide the fact issues before them, would deliberately conceal deep prejudices. Despite the fact that every individual, who enters the jury box, of necessity, must bring his own personality and point of view with him and "may not be exempt from the general feelings prevalent in the society in which they live," such individuals once they take their oath must be trusted to act as honest and impartial fact judges. If there be human frailty, "we must do as best we can with the means we have." United States v. Dennis, 2 Cir., 1950, 183 F.2d 201, 226, aff'd 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). See also United States v. Hoffa, 156 F.Supp. 495, S.D.N.Y.1957. Furthermore, if it should appear after the trial that Cohn was not tried by an impartial jury full appellate rights will be available. Certainly, on the facts before us it would be premature to assume that such a jury cannot be empanelled.

Even as the effect, if any, of publicity upon the prospective jury cannot be presently ascertained, so also is the benefit, if any, of a change of venue beclouded with uncertainty. To remove the trial of a highly publicized case (to accept petitioner's argument) to a small community outside of the City of New York would tend to focus the spotlight more brightly upon the case. Modern means of news communication have taken away many of the reasons for the transfer of the *cause celebre* which may have existed fifty years ago.

■ In final analysis a high degree of discretion must be vested in the trial judge both as to the place of the trial, the selection of the jury and the conduct of the trial itself. Petitioner has failed to show "a clear abuse" of discretion in directing that the trial proceed in New York City on June 9th, such as would justify the granting of the petition. Bankers Life & Casualty Co. v. Holland, 346 U.S. 379, 383, 74 S.Ct. 145, 98 L.Ed. 106 (1953). Accordingly, the petition for an order of mandamus is denied.

HAYS, Circuit Judge (concurring in the result).

I concur in the result. See Application of Gottesman, 332 F.2d 975 (2d Cir. 1964).