**UNITED STATES of America, Plaintiff,**

v.

**Merle W. MOORE, Defendant.**

**Appeal of LEWIS ROCA SCOVILLE BEAUCHAMP & LINTON and Harold R. Scoville, as collateral parties.**

**No. 21030.**

United States Court of Appeals Ninth Circuit.

Nov. 29, 1966.

Before MADDEN, Judge of the Court of Claims, and MERRILL and BROWNING, Circuit Judges.

MERRILL, Circuit Judge:

Appellants formerly represented defendant Moore as his attorneys in connection with an investigation of his federal income tax returns. When he failed to respond to statements for fees due and advances made they terminated their relationship. Moore subsequently was indicted for income tax fraud. This appeal is from an order requiring appellants to make certain papers in their files available to Moore and his present attorney.[1]

▮ Moore contends that the order is not appealable, and that the appeal, accordingly, should be dismissed. He relies on Cobbledick v. United States, 309 U.S. 323, 60 S.Ct. 540, 84 L.Ed. 783 (1939), where it was held that the denials of motions of certain nonparty witnesses to quash subpoenas duces tecum were not appealable.

We agree. The order here is related to the pending action in the same manner and as closely as an order for discovery would be. For the reasons discussed in *Cobbledick* it is in the public interest that criminal proceedings not be made subject to interruption in every case while such rights as those here in issue are further litigated upon appeal.

▮▮ Although the order is not appealable, this court may in its discretion treat the appeal as a petition for a writ of mandamus or prohibition. Cord v. Smith, 338 F.2d 516 (9th Cir. 1964). However, if a petition for writ be entertained here it would defeat the public interest which *Cobbledick* sought to protect as completely as would an appeal.

John P. Frank, Paul G. Ulrich, of Lewis Roca Scoville Beauchamp & Linton, and Harold R. Scoville, Phoenix, Ariz., for appellants.

Philip J. Shea, Phoenix, Ariz., for appellee.

1. "ORDERED that the respondents make available to counsel for the defendant all of the defendant's files pertaining to this case subject, however, to the following terms and conditions:

"The defendant's counsel may borrow from the files any papers which he regards necessary to the preparation of a proper defense of the defendant not including legal memoranda prepared by respondents; that the defendant's counsel maintain all papers which he borrows pursuant to this order separate from all other papers in his file and that he return such borrowed papers to the respondents upon the conclusion of this case and the defendant's counsel advise the defendant of his obligation to pay the obligation of attorneys' fees owing to respondents."

For this reason a writ should not be entertained unless a probability is presented that the rights it asserts will in the particular case outweigh the public interest that pending proceedings be not subjected to interruption or piecemeal appeals. Cf. Hartley Pen Co. v. United States District Court, 287 F.2d 324 (9th Cir. 1961). In our judgment this is not such a case. See Hauptmann v. Fawcett, 243 App.Div. 613, 276 N.Y.S. 523, modified, 243 App.Div. 616, 277 N.Y.S. 631 (1935).

Appeal dismissed.