Application of Joseph Dean **EDWARDS** for a Writ of Mandamus to the Judges of the United States District Court for the Southern District of New York.

Docket 31032.

United States Court of Appeals Second Circuit.

Argued Jan. 23, 1967.

Decided March 17, 1967.

H. Elliot Wales and Hugo Rogers, New York City, for petitioner, Joseph Dean Edwards.

Michael F. Armstrong, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, New York City, of counsel), for the United States.

Before MOORE and FRIENDLY, Circuit Judges, and BRYAN, District Judge.

PER CURIAM:

Petitioner seeks a blanket writ of mandamus addressed "to the Judges of the United States District Court for the Southern District of New York, directing that an order of severance be granted and entered." In the district court petitioner's motion for a severance from his co-defendant was made pursuant to Rules 8(b) and 14, F.R.Cr.P. Rule 8(b) is a joinder Rule and Rule 14 a severance Rule. The district court denied a severance under both Rules.

In United States v. Charnay, 211 F. Supp. 904 (S.D.N.Y.1962), perjury counts against three defendants were joined. As here, a pre-trial motion for a severance and separate trials was made on the ground of improper joinder under Rule 8(b). Judge Weinfeld in an excellent analysis of Rule 8(b) and the important role played by the words "constituting an offense or offenses" therein granted the motion for a severance "upon the ground that the counts were improperly joined," saying as to Rule 14 (which he did not rely on or reach): "The improper joinder itself constitutes prejudice." (Id. p. 908.) See also United States v. Granello, 365 F.2d 990 (2d Cir. 1966), petition for cert. filed, 35 U.S. Law Week 3213 (Nov. 4, 1966) (No. 750).

■ However, Courts of Appeals must stay within the appellate function assigned to them. They are not intended to guide the conduct of the trial judge in the exercise of his judgment as to routine matters before or during the trial by issuing declaratory opinions. If there be error, the party allegedly aggrieved has the opportunity to show prejudicial error on appeal from any judgment entered against him. Prior to

trial, questions addressed to the trial court "will not be interfered with by way of a writ of mandamus unless a strong showing of prejudice is made." Application of Gottesman, 332 F.2d 975–976 (2d Cir. 1964). Although it is assumed that trial judges keep current with the trend of appellate courts which examine most carefully trial records in multi-defendant trials for prejudice resulting from joinder and although there may be real doubt as to whether joinder was proper within the principles enunciated in *Charnay,* supra, nevertheless, under the circumstances presented here we find no reason to depart from the ruling in *Gottesman,* supra. Were a long multi-defendant trial imminent which would be likely to present evidentiary problems creating prejudice, the exception referred to in *Gottesman* might be an occasion for review. Such a situation is not here presented. See United States v. Bozza, 365 F.2d 206 (2d Cir. 1966); United States v. Kelly, 349 F.2d 720 (2d Cir. 1965), cert. denied 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966).

Petition denied.

FRIENDLY, Circuit Judge (concurring):

I concur in the opinion except so much as intimates that although the writ will not issue to Edwards, it might issue to correct an erroneous denial of severance in an exceptional case. This is the same kind of effort to preserve an appellate jurisdiction which creates an almost endless opportunity for delay although it will almost never be exercised, against which I protested in A. Olnick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 445 (2 Cir. 1966). Every defendant regards his case as exceptional and will try to convince us that it falls within the exception vaguely outlined in the opinion. As Judge Merrill has well written, to entertain petitions for mandamus in cases like this "would defeat the public interest which Cobbledick sought to protect as completely as would an appeal," United States v. Moore, 368 F.2d 990, 991 (9 Cir. 1966). That wisdom also lay behind Judge Hays' concurrences in Application of Gottesman, 332 F.2d 975 (2 Cir. 1964) and Application of Cohn, 332 F.2d 976 (2 Cir. 1964), where he said that mandamus will not lie "for the purpose of pressing a premature appeal." We should deny on that simple and satisfying ground.