UNITED STATES of America

v.

Charles PRAETORIUS et al.,
Defendants.

No. 78 CR 135(s) (2).

United States District Court,
E. D. New York.

Dec. 27, 1978.

Edward R. Korman, U. S. Atty. Brooklyn, N. Y. (Richard L. Huffman, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for plaintiff.

Howard D. Stave, Forest Hills, N. Y., for defendant Ken Clark.

Thomas E. Bowsman, New York City, for defendant Eric Romandi.

Legal Aid Society (Marion Seltzer, New York City, of counsel), for defendant Doris Jackson.

## MEMORANDUM AND ORDER

NICKERSON, District Judge.

Defendants Ken Clark, Eric Romandi and Doris Jackson move for an acquittal or in the alternative for a severance. They and ten others were indicted for conspiracy to import from Bangkok and distribute quantities of heroin and for various acts of importation or distribution of heroin. 21 U.S.C. § 846ff. Clark was named in two substantive importation counts and Romandi and Jackson in one.

Following a lengthy trial the jury found three defendants, including Charles Praetorius, the conspiracy's asserted organizer and manager, guilty of the conspiracy to import and distribute heroin. Clark, Romandi and Jackson were found not guilty of conspiracy. The jury was unable to reach a verdict as to any of the importation counts or as to any of the other defendants on the conspiracy count.

On the government's motion the substantive counts were dismissed as to the three defendants convicted of conspiracy. Now the government seeks a joint trial of all remaining defendants on all charges as to which the jury hung. In moving to dismiss the importation charges, or in the alternative to sever their trial, Clark, Romandi and Jackson claim that the acquittal of conspiracy bars the government from proceeding against them for importation, that the evidence used to prove their participation in the conspiracy may not be introduced again and without that evidence there is insufficient proof of their commission of the importation offenses, and that in any event their trial with the other defendants would be an impermissible joinder under Rule 8 of the Federal Rules of Criminal Procedure or at least so prejudicial as to require a severance under Rule 14.

For reasons hereafter stated the motions to dismiss are denied and the motions to sever are granted.

*Motion to Dismiss*

The government's theory at trial was that the conspiracy was organized and managed by Praetorius, who recruited other defendants to make trips to Bangkok and return with heroin which he then arranged to distribute. Separate substantive counts allege separate trips in which different groups of defendants jointly participated. All defendants were charged with member-

926

ship in the overall conspiracy and with importing or aiding and abetting the importation of heroin on the trips which they took. Each of the substantive offenses is thus part of the alleged conspiracy.

◼ Clark, Romandi and Jackson argue that the same evidence offered to prove their importation was also introduced to show their participation in the conspiracy and that the acquittal on the latter charge bars the government from now using that evidence to show importation. Since no evidence against them not relevant to the conspiracy charge was introduced, they say that the government was left without sufficient proof to establish a prima facie case.

But the government is not precluded from proving the charge of importation by evidence which the jury found insufficient to establish conspiracy. The crime of conspiracy, that is, of an agreement to commit an illegal act, here the importation of heroin, is a different crime from that of committing the substantive offense. *Sealfon v. United States*, 332 U.S. 575, 578, 68 S.Ct. 237, 92 L.Ed. 180 (1948); *Pinkerton v. United States*, 328 U.S. 640, 643, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946). The jury could have found from the evidence that the three defendants imported the heroin but that they did not enter into the alleged conspiracy to do so. All three returned to the United States within a day or two of leaving Bangkok. There was testimony that in Bangkok the drug was taped to the bodies of Clark and Romandi. From Clark's admissions the jury could have found that he arrived in the United States still packed with the heroin. In addition Clark made up some of the packages of heroin by stamping them down. As to Jackson there was proof that she was present in Bangkok when the heroin was weighed, that she picked it up, that Praetorius gave it to her companion defendant Carlotta Ragan with whom she departed the room, and that Ragan and Jackson returned to be examined by Praetorius to determine whether noticeable bulges appeared through their clothing.

The jury plainly could conclude that Clark brought the drug back into the United States without finding that he had entered into an agreement with Praetorius to do so. Indeed, there was evidence that Clark was carrying "for himself" and not for Praetorius.

The jury could have reached a similar conclusion as to Romandi, who testified on his own behalf. He claimed he went to Bangkok to buy jewelry for his fiance, had no prior knowledge of the conspiracy, and returned prematurely when asked to bring back heroin. A jury could have believed his version as to the extent of his knowledge of the conspiracy and yet have discredited his denial that he carried back heroin.

Jackson was pictured by her counsel at the trial as the mere dupe or hand maiden of Ragan. Praetorius hardly spoke to Jackson, and the jury could well have decided that she was not party to any conspiracy with him, whatever her relationship to Ragan, and yet had returned with heroin.

As to all three defendants the evidence supporting a finding of importation would also have justified an inference that they had become part of the Praetorius conspiracy. But that evidence did not make such an inference inevitable.

Moreover, as to all three the evidence was sufficient to justify a verdict of guilty for aiding and abetting the importation. The testimony that Clark stamped on the heroin to package it for others could have been believed without requiring the conclusion that he was acting pursuant to a prearranged conspiracy to import. The proof, if accepted, of Romandi's act of allowing himself to be packed with heroin permitted the inference that he was aiding in the importation without necessitating a finding that he had joined the conspiracy to import. Jackson, of course, could have been found to have been aiding merely Ragan and not conspiring with Praetorius.

◼ No doubt both conspiracy and aiding and abetting are made crimes to serve similar ends, for both have a tendency to bring about the substantive evil which the law seeks to prevent. But they are different crimes. Conspiracy is merely an agreement to do an unlawful act. Aiding and abet-

ting, on the other hand, require acts, verbal or otherwise, which further the commission of a crime. Such acts may, and often do, follow a conspiracy, and a conspiracy may frequently be deduced from the acts.

But a person may agree to commit a prohibited act and yet do nothing else to bring it about. Indeed 21 U.S.C. § 846 makes it a crime to conspire to commit an offense relating to drugs without requiring any overt act by any co-conspirator. Conversely one may perform acts which assist the perpetrator in the commission of the crime without agreeing with him to commit it. A jury could properly have made that finding on the evidence introduced in this case.

■ Of course, an acquittal of conspiracy bars a subsequent prosecution for the substantive crime where the acquittal can only be explained as determining that there was insufficient proof of commission of the substantive crime. Such a case, the Supreme Court thought, was *Sealfon v. United States*, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180 (1948). As phrased by the Court of Appeals for the Second Circuit, the government may not try again a charge "necessarily" resolved in the defendant's favor by the first verdict. See *United States v. King*, 563 F.2d 559, 561 (2d Cir. 1977); *United States v. Seijo*, 537 F.2d 694, 697 (2d Cir. 1976). A defendant may not be required to succeed twice on the same issue. But if the jury's verdict of acquittal as to conspiracy can rationally have been based on grounds not dispositive of the substantive crime, a prosecution of the defendant for that crime is not precluded. *United States v. Seijo*, supra, 537 F.2d at 698.

For the reasons noted, the jury could have found insufficient proof of conspiracy as to the three defendants without determining the issues on which guilt of importation depends. Accordingly the motions to dismiss are denied.

*Motion to Sever*

The three defendants contend that with the dismissal of the conspiracy counts their joinder with the other defendants is now improper under Rule 8(b) of the Federal Rules of Criminal Procedure. That rule provides in pertinent part that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."

Joinder of all defendants in the indictment alleging conspiracy was proper. In *Schaffer v. United States*, 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), where the conspiracy count was dismissed as to all defendants at the close of the government's case, leaving three substantive counts alleging separate criminal transactions, the Supreme Court held that joinder under Rule 8 must be tested by the original indictment and that a severance could be had only under Rule 14 if a defendant was within the meaning of that Rule "prejudiced". Since no prejudice was evident, the conviction was affirmed.

■ The Court of Appeals for the Second Circuit, applying the reasoning of the *Shaffer* decision, has held that a dismissal under Rule 8(b) was not required where retrial of the substantive counts was required following dismissal of the conspiracy charge. *United States v. Granello*, 365 F.2d 990 (2d Cir. 1966); *Application of Gottesman*, 332 F.2d 975 (2d Cir. 1964). If joinder is indeed to be determined by reference to the original indictment, presumably severance under Rule 8(b) should not be granted even where, as here, a jury has acquitted some defendants on the conspiracy count. However, the Court of Appeals for the Second Circuit has not decided this point. Nor need this court do so, for the likelihood of prejudice to the three defendants is such as to require a severance under Rule 14.

The government argues that there would be no prejudice to the three defendants from the introduction of all the evidence relevant to prove conspiracy between the other seven because that proof would be admissible at a separate trial of any one of the three to demonstrate joint action with and aiding and abetting of the others. But even if the facts relating to all the widespread manifestations of the conspiracy, its membership and its fruits could be deemed

relevant, under Rule 401 of the Federal Rules of Evidence, to a simple charge of importation or the aiding and abetting of importation, much of it would have to be excluded under Rule 403 in a separate trial of such a charge on the ground that its probative value would be substantially outweighed by the danger of unfair prejudice.

Detailed proof of the activities of the other seven defendants on their trips to Bangkok would at best be remotely relevant in a separate trial of the substantive charges against Clark, Romandi and Jackson. The prejudicial effect of proof of the details of how other defendants on other trips acquired the heroin, secreted it on their bodies, and then returned, would be grossly disproportionate to any conceivable legitimate probative value that proof would have against the three defendants. The court would therefore exclude it under Rule 403 on a separate trial. To expect a jury to perform the intellectual feat in a joint trial of using such proof against seven defendants but not against three is to ask too much of lay (and perhaps of judicial) minds. Accordingly a severance is appropriate. *See United States v. Branker*, 395 F.2d 881, 888–89 (2d Cir. 1968).

Clark and Romandi are both named in count eight and are alleged to have taken part in the September 1977 trip. Clark is also alleged to have participated in the July 1977 trip, but the charges have been dismissed as to all other participants on that trip. Jackson is alleged to have participated only in the April 1977 trip, and has no direct connection with Clark or Romandi. Although some of the same witnesses will testify against all three defendants, the lack of substantial overlap between the case against Jackson and the case against Clark and Romandi warrants a separate trial of her.

Clark and Romandi assert that they will be prejudiced by a joint trial with each other. Although Romandi is charged with participation in only one of the two trips for which Clark is to be tried, the potential prejudice to Romandi resulting from the admission of evidence as to the count in which he is not charged is not such as to require separate trials. There is no likelihood of his being linked to offenses with which he is not charged by virtue of evidence of an all encompassing conspiracy. Moreover, since only two defendants and two counts are involved, the jury should not have difficulty in keeping separate the evidence as to separate counts.

Clark argues that defendant Romandi's defense, which at the original trial was a proclamation of total innocence and rejection of the alleged conspiracy of his co-defendants when he first learned of it, will serve to implicate defendant Clark. This alone does not warrant granting a severance from Romandi. A defendant is free to defend himself as he chooses, and were a severance required whenever such a defense might potentially implicate a co-defendant, then few if any defendants could be tried jointly. In the absence of a more compelling showing of prejudice Clark and Romandi may be tried together.

The motions for severance are granted to the extent indicated, and the motions to dismiss are denied. So ordered.