**UNITED STATES of America**

**v.**

**Mitri MOSES.**

**Crim. No. 81–0095.**

United States District Court,
E. D. Pennsylvania.

May 18, 1981.

Robert L. Hickok, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Richard J. Orloski, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Charged with two counts of willfully failing to file tax returns for two years in violation of 26 U.S.C. § 7203, defendant has filed several pre-trial motions. First, defendant urges dismissal of the information on double jeopardy grounds and argues that a prior state prosecution and subsequent acquittal by a Lehigh County, Pennsylvania, jury on charges of commercial bribery, 18 P.S. § 4108, and failure to make required disposition of funds, 18 P.S. § 3927, precludes the federal government from prosecuting him for failure to file tax returns. The *federal* government, defendant contends, is collaterally estopped from attempting to prove that defendant received income from bribery and embezzlement since a *state* jury conclusively determined

that certain cash payments which he received as a used car manager comprised personal "gifts" rather than bribes. Hence, defendant seeks to bar the *federal* government from litigating whether these monies should have been reported on tax returns for the years in which defendant failed to file *any* tax return.

■ The principle of collateral estoppel in the criminal context prevents between the same parties re-litigation of an issue of ultimate fact, *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970), which has already been adjudicated "fully and fairly". *Standerfer v. United States*, 447 U.S. 10, 21–25, 100 S.Ct. 1999, 2006–2008, 64 L.Ed.2d 689 (1980). Where, as here, the state jury acquitted defendant with a general verdict courts examine the entire record of the prior proceeding to determine whether a rational jury "could have grounded its verdict upon an issue other than that which defendant seeks to foreclose from consideration". *Ashe v. Swenson*, 379 U.S. at 444, 90 S.Ct. at 1194. The burden of establishing that the first jury actually determined that issue in defendant's favor and therefore precluding reconsideration by a second jury rests squarely upon defendant. *United States v. Lasky*, 600 F.2d 765, 769 (9th Cir. 1979), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1980), *Turley v. Wyrick*, 554 F.2d 840, 842 n. 2 (8th Cir. 1977), *cert. denied*, 434 U.S. 1033, 98 S.Ct. 765, 54 L.Ed.2d 780 (1978), *United States v. King*, 563 F.2d 559, 561 (2d Cir. 1977), *cert. denied*, 435 U.S. 918, 98 S.Ct. 1476, 55 L.Ed.2d 510 (1978), *United States v. Barket*, 530 F.2d 181, 188 (8th Cir. 1976), *United States v. Smith*, 446 F.2d 200, 202–03 (4th Cir. 1971). In the case at bar, defendant has failed to meet this burden.

■ The state jury considered whether defendant stole from his employer and/or accepted commercial bribes. In contrast, the issue currently before this Court is whether defendant willfully failed to file tax returns. Defendant has failed to demonstrate that the state jury determined in his favor the issues which he seeks to fore-

close. *United States v. Venable*, 585 F.2d 71, 78 (3d Cir. 1978). In fact, the proofs between the two trials will vary. To prevail, the federal government need not prove, contrary to the state court's determination, that the cash transactions constituted "income" but rather that defendant knew of his obligation to file an income tax return and willfully failed to do so. *United States v. Wade*, 585 F.2d 573, 574 (5th Cir. 1979). The government also need not prove that the tax was due. *United States v. McCabe*, 416 F.2d 957, 958 (7th Cir. 1969). Defendant's contention that the "gist" of a Section 7203 prosecution lies in the "understatement of income" is erroneous; it is the willful failure to file an income tax return which the federal statute penalizes. Compare 26 U.S.C. §§ 7206(1) and 7207 with § 7203.

Defendant's argument also fails since the doctrine of collateral estoppel only bars relitigation of proven facts between the "same parties". *Ashe v. Swenson*, 397 U.S. at 443, 90 S.Ct. at 1194. Defendant has not articulated any legal theory pinpointing what precludes the federal government from litigating the issue of defendant's federal criminal tax liability based upon an acquittal by a state jury for bribery and embezzlement. In *Standefer v. United States*, 447 U.S. at 22, 100 S.Ct. at 2007, the Supreme Court highlighted the requirement that collateral estoppel in criminal cases effects issue preclusion only where the parties to both contests are identical. Reasoning that the estoppel doctrine, irrespective of its "offensive" or "defensive" use, applies more appropriately to civil cases, the court stated that the defendant's constitutional privileges as well as evidentiary and procedural rules frequently circumscribe the government's "full and fair" opportunity to litigate, a prerequisite for invocation of estoppel. 447 U.S. at 22–23, 100 S.Ct. at 2007–2008. Hence, although "symmetry of results may be intellectually satisfying", they are not legally required. 447 U.S. at 26, 100 S.Ct. at 2009. The court refused to apply the doctrine where the parties to the first and second litigation were not identical. *Cf. United States v. Venable*, 585 F.2d at 78 (where the federal government initiates successive prosecutions defendant may invoke collateral estoppel to preclude facts previously established although unnecessary to sustain the conviction sought at retrial). Further eroding defendant's position, *United States v. King*, 563 F.2d at 560–61, held that the government was not estopped in a criminal tax trial from proving the receipt of monies through extortion even though a federal jury had previously acquitted defendant of criminal charges arising out of the same scheme. Interestingly, the court noted that the prosecution introduced "substantially the same evidence" in the tax trial to prove that defendant had income through the extortion scheme and that he failed to pay tax thereon. 563 F.2d at 560–61.

■ Defendant also argues that the Double Jeopardy Clause bars the current prosecution. This contention ignores *United States v. Dinitz*, 424 U.S. 600, 606, 96 S.Ct. 1075, 1078, 47 L.Ed.2d 267 (1976), which held that the Fifth Amendment protection proscribes "multiple punishments or repeated prosecutions for the *same* offenses". Commercial bribery and embezzlement, the state offenses of which defendant was acquitted, cannot be considered, constitutionally or logically, the "same offense" as failure to file tax returns. The state charges relate to the illegal receipt of money whereas the federal statute proscribes the willful failure to file tax returns. Trial on federal charges involves proof of additional facts not part of the prior charge. *See Blockberger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). For example, an employee who, without the knowledge of his employer, accepts or solicits a benefit from another person with the understanding that the benefit will influence the employee's conduct in relation to his employer commits the state crime of commercial bribery. *See* 18 P.S. § 4108. Similarly, if a person obtains property subject to a known legal obligation to dispose of it properly and then intentionally fails to do so, he has violated the Pennsylvania embezzlement statute. *See* 18 P.S. § 3927. In contrast, prosecuting the federal crime

of failure to file an income tax return requires proof that a person whom the law required to pay a tax, keep records or supply information willfully failed to do so. *See* 26 U.S.C. § 7203. *See Albernaz v. United States,* —— U.S. ——, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) and *Iannelli v. United States,* 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293, n. 17, 43 L.Ed.2d 616 (1975).

Moreover, assuming, *arguendo,* that the two offenses were more closely related or even identical, defendant would not be entitled to dismissal. A single act may offend both sovereigns; successive prosecutions by state and federal authorities do not offend the Double Jeopardy Clause of the Fifth Amendment. *Abbate v. United States,* 359 U.S. 187, 195–96, 79 S.Ct. 666, 670–71, 3 L.Ed.2d 729 (1959), *Bartkus v. Illinois,* 359 U.S. 121, 137, 79 S.Ct. 676, 685, 3 L.Ed.2d 684 (1959), *Turley v. Wyrick,* 554 F.2d at 841, *United States v. Heldon,* 479 F.Supp. 316, 320–21 (E.D.Pa.1979). Accordingly, defendant's motion to dismiss will be denied.

■ Defendant also moves to suppress statements which he made to Internal Revenue Service investigators subsequent to his arrest on state charges and prior to the institution of federal proceedings. It is of no moment that the parties dispute whether defendant received warnings dictated by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), since the parties agree that defendant was not in federal "custody" at the time of his interrogation by IRS agents. *Beckwith v. United States,* 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). Defendant misplaced his reliance upon *United States v. Vispi,* 545 F.2d 328 (2d Cir. 1978), which concerned the Sixth Amendment guarantee to a speedy trial and not a Fourth Amendment "suppression" issue. *See* Speedy Trial Act, 18 U.S.C. § 3161 *et seq.,* and *United States v. Joseph,* 510 F.Supp. 1001 (E.D.Pa.1981). Accordingly, defendant's motion to suppress will be denied.

■ Finally, defendant moves for a bill of particulars, a matter addressed to the Court's sound discretion and granted to inform defendant of the nature of the charges and to protect him against a second prosecution for an inadequately described offense. *United States v. Addonizio,* 451 F.2d 49, 63–64 (3d Cir.), *cert. denied,* 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972); *United States v. Joseph,* 510 F.Supp. at 1005; *United States v. Peifer,* 474 F.Supp. 498, 500 (E.D.Pa.), *aff'd,* 615 F.2d 1354 (3d Cir. 1979), *cert. denied,* 446 U.S. 940, 100 S.Ct. 2162, 64 L.Ed.2d 794 (1980). The motion should be denied where defendant seeks wholesale discovery of the government's file, *United States v. Armocida,* 515 F.2d 49, 54 (3d Cir.), *cert. denied sub nom. Gazal v. United States,* 423 U.S. 858, 96 S.Ct. 111, 46 L.Ed.2d 84 (1975), or "pure evidence". *United States v. McNally,* 338 F.Supp. 341, 350 (E.D.Pa.1972), *rev'd on other grounds,* 473 F.2d 934 (3d Cir. 1973). Notwithstanding transmittal of discovery material by the government pursuant to Fed.R.Crim.P. 16(a), defendant seeks information based upon the bald assertion that the information received to date supports his claim that no evidence proving the commission of the alleged crime exists. However, a defendant properly makes that argument to the court at the close of the government's case or to the jury. *See* Fed. R.Crim.P. 29(a). In any event, the indictment sufficiently apprises defendant of the nature of the charges and allows him to prepare for trial. *United States v. Whatley,* 480 F.Supp. 307 (W.D.Okl.1978).